UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

DM RECORDS, INC.              Case No. 15-30368-RBR

    Debtor.                    Chapter 11 Case
_____/


PLAN OF REORGANIZATION
DATED November 19, 2015


**MERRILL PA**
David Lloyd Merrill, Esq.
Trump Plaza Office Center
525 South Flagler Drive, Fifth Floor
West Palm Beach, Florida 33401
Phone: +1.561.877.1111
**Attorneys for DM Records, Inc.**

1

# ARTICLE I
# SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of DM Records, Inc. the "Debtor") from cash flow from operations and future earnings. This Plan provides for one secured class, one judgment lien class, two classes of unsecured claims and one equity interest holder class. Allowed unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.    Class 1 consists of the Allowed Secured Claim of Bank of America

2.02    Class 2.    Class 2 consists of the Judgment Lien Claims.

2.03    Class 3.    Class 3 consists of the Allowed General Unsecured Claims.

2.04    Class 4.    Class 4 consists of the Allowed Unsecured Administrative Convenience Class

2.05    Class 5.    Class 5 consists of the Equity Security Holders

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, US TRUSTEE FEES AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.    Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims.    Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan

(as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims</u>.  **Florida Dept. of Revenue is currently owed $234.63 in penalties and $1,640.38 in past due taxes and will be paid in full within six months of the Effective Date.**

3.04 <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1<br><br>Allowed Secured Claim of Bank of America | Impaired | On the Effective Date the holder of Class 1 claims will receive $19,866.85 paid in monthly minimum payments of $597.66 representing a three (3) year amortization at 5.25% interest starting no later than in Month 1 of the Plan.  Any payments made prior to the Effective Date for adequate protection of Cash Collateral arrangements shall be fully credited to this payment.   Class 1 Claims are impaired. |
| Class 2<br><br>Judgment Lien Claims | Impaired | On the Effective Date the holder of Class 2 claims will receive $2,263,982.28 paid in monthly minimum payments of $6,460.64 representing a 30 year amortization at 0.18% interest (the Federal post judgment interest rate). Members of this Class will also receive, solely towards the $2,263,982.28 balance and creditable as principle reductions when paid, a *pro rata* share of 90% of the disposable income of the Debtor paid monthly; "Disposable Income" being defined as gross income, less taxes, and less all reasonable and necessary expenses to operate the business including plan payments for all classes required herein.  "Necessary expenses" also includes a management fee payable to Mark Watson and David Watson in the amount of 30% (cumulative) of monthly gross income of the Debtor.  Class 2 Claims are impaired. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 3<br>General Unsecured Claims | Impaired | On the Effective Date holders of Class 3 claims with claims less than $20,000.00 may opt to be treated either as a part of Class 4 or to receive payments as follows: Class 3 claimants will receive a pro rata share of $37,544.90 paid over three (3) years at 0.18% interest in monthly payments of $1,045.81 beginning the first month after the Effective Date. **Holders of Class 3 claims that have a claim of under $20,000.00 and that wish to be paid in accordance with the treatment of Class 4 claims may opt out of this class by providing written notice at least five (5) days prior to the Confirmation Date to the Clerk of the Bankruptcy Court at United States Courthouse, 299 East Broward Blvd Room 112, Fort Lauderdale, Florida 33301 AND to Debtor's Counsel (address provided below). Notices received after the five (5) day period will not be permitted to opt in to Class 4 treatment.** Class 3 Claims are impaired. |
| Class 4<br>Allowed Unsecured Administrative Convenience Class | Impaired | Holders of Class 4 claims, which total $2,749.15 (exclusive of members of Class 3 that elect to opt into this Class) will receive a pro rata share of 96% of their claims paid in one payment on the Effective Date. Class 4 Claims are impaired |
| Class 5<br>Equity Security Holders | Unimpaired | The equity interest holders of the Debtor are the shareholders as disclosed in the Debtor's initial filing of this case and below as Exhibit D. The Plan proposes that the shareholders will retain their interests, subject to applicable provisions of the Bankruptcy Code, and provided that the Plan does not violate the Absolute Priority Rule since all allowed creditors are being paid 100% plus reasonable interest on their claims in accordance with 11 U.S.C. §1129(b)(2)(A) and (B). No plan payments other than full retention of membership interests as set forth in Exhibit D will be made to this Class. Class 5 claims are unimpaired. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an

objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes all executory contracts and/or unexpired leases including those related to Martha's Field effective upon the Effective Date of this Plan as provided in Article VII.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION
## AND EFFECT OF CONFIRMATION OF PLAN

### 7.01 General

Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Debtor or Reorganized Debtor, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

### 7.02 Continued Corporate Existence

Reorganized Debtor shall continue to exist after the Effective Date with all powers of a corporation under the laws of the State of Florida and without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) under Florida law; and, following the Effective Date, Reorganized Debtor may operate its business free of any restrictions imposed by the Bankruptcy Code, the bankruptcy Rules or by the Court, subject only to the terms and conditions of this Plan and Confirmation Order.

### 7.03 The Reorganized Debtor

Except as otherwise provided in the Plan and the Confirmation Order, on the Effective Date, Reorganized Debtor shall be vested with all of the property of the

Estate free and clear of all Claims, liens, encumbrances, charges, and other interests, including but not limited to that of holders of Claims and holders of Equity Interests. The Reorganized Debtor shall assume all of the Debtor's rights, obligations and liabilities under the Plan.

### 7.04 Funding

Funds to be used to make cash payments under the Plan shall derive from operations and future earnings of the Debtor.

### 7.05 Effectiveness of Instruments and Agreements

On the Effective Date, all documents issued in this case or pursuant to the Plan and/or any agreement entered into or instrument or document issued in connection with any of the foregoing, as applicable, shall become effective and binding upon the parties thereto in accordance with their respective terms and conditions and shall be deemed to become effective simultaneously.

### 7.06 Corporate Action

On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the stockholders, directors or members of the Debtor or Reorganized Debtor or its successors in interest under the Plan, including, without limitation, the authorization to issue or cause to be issued the new common stock and documents relating thereto, the adoption of the Reorganized Debtor's Certificate of Incorporation, the Reorganized Debtor's Bylaws, and the election or appointment, as the case may be, of directors and officers of the Debtor pursuant to the Plan, shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable General Corporation Law, without any requirement of further action by the stockholders or directors of the Debtor or Reorganized Debtor. On the Effective Date or as soon thereafter as is practicable, the Reorganized Debtor shall, if required, file its amended certificate of incorporation with the secretary of state of the state in which the Reorganized Debtor is incorporated, in accordance with the applicable general corporation law of such state.

### 7.07 Approval of Agreements

Entry of the Confirmation Order shall constitute approval of the Plan Documents and all such transactions, subject to the occurrence of the Effective Date.

### 7.08 Change of Control of the Debtor

Any acceleration, vesting or similar change of control rights of any Person under employment, benefit or other arrangements with the Debtor that could otherwise

be triggered by the entry of the Confirmation Order or the consummation of the Plan or any of the transactions contemplated thereby shall be deemed to be waived and of no force or effect. The Managing Member of the Reorganized Debtor shall be as follows: William H. Boyd.

### 7.09 Administration After the Effective Date

After the Effective Date, the Reorganized Debtor may operate its business, and may use, acquire, and dispose of their property, free of any restrictions of the Code and Rules.

### 7.10 Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Case under sections 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

### 7.11 Revesting of Assets

Except as otherwise provided in the Plan, pursuant to section 1141 of the Code, the property of the Estate of the Debtor, including, without limitation, the Actions shall revest in the Reorganized Debtor on the Effective Date, free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or the Confirmation Order.

### 7.12 Causes of Action

As of the Effective Date, pursuant to section 1123(b)(3)(B) of the Code, any and all Actions accruing to the Debtor and Debtor in Possession, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Code, shall become assets of the Reorganized Debtor, and the Reorganized Debtor and/or the Plan Administrator, as the case may be, shall have the authority to commence and prosecute such Actions for the benefit of the Estate. Specifically, the Reorganized Debtor, shall continue to prosecute any Action pending on the Effective Date. Further, section 547 of the Code enables a debtor in possession to avoid transfers to a creditor, based upon an antecedent debt, made within ninety (90) days of the petition date, which enables the creditor to receive more than it would under a liquidation. Creditors have defenses to the avoidance of such preferential transfers based upon, among other things, the transfers having occurred as part of the debtor's ordinary course of business, or that subsequent to the transfer the creditor provided the debtor with new value. The Reorganized Debtor and/or the Plan Administrator, as the case may be, will analyze payments made by the Debtor to creditors within ninety (90) days (or in the case of insiders, one year) before the Commencement Date (as set forth in item 3(a) in the Debtor's Statement

of Financial Affairs) to determine which such payments may be avoidable as preferential transfers under the Code and, if appropriate, prosecute such actions.

After the Effective Date, the Reorganized Debtor shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Actions with the approval of the Court. Prior to Confirmation, the Debtor shall file a schedule of potential Avoidance Actions, if any.

### 7.13 Discharge of Debtor

Except as otherwise provided herein or in the Confirmation Order, the rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtor and the Debtor in Possession, the Estate, any of the assets or properties under the Plan. Except as otherwise provided herein, (i) on the Effective Date, all such Claims against the Debtor, and Equity Interest in the Debtor shall be satisfied, discharged and released in full, and (ii) **so long as the Plan Payments are made timely and are not more than 30 days delinquent and insofar as such Plan Payments pay 100% of any claims that are due,** all Persons shall be precluded and enjoined from asserting against the Reorganized Debtor, its successors, its assets or properties, or its officers and/or directors, any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a proof of claim or proof of equity interest and whether or not such holder has voted to accept or reject the Plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order.

### 7.14 Injunction Related to Discharge

*Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtor, or Equity Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor on account of any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against*

*the property or interests in property of the Debtor on account of any such Claim or Equity Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest. Such injunctions shall extend to successors of the Debtor but only insofar as the Payment Plan is not delinquent by more than 30 days.*

### 7.15 Injunction Against Interference with the Plan

*Upon the entry of a Confirmation Order with respect to the Plan, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.*

### 7.16 Votes Solicited in Good Faith

The Debtor has, and upon confirmation of the Plan shall be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and on account of such solicitation will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.    The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 <u>Corporate Governance</u>. In accordance with 11 U.S.C. §1123(a)(6), upon confirmation of this Plan the Debtor shall amend its corporate charter to prohibit the issuance of nonvoting equity securities. The Debtor represents that no such nonvoting equity securities exists currently or will exist on the Confirmation Date.

## ARTICLE IX
## DISCHARGE

9.01. <u>Discharge.</u> In addition to the provisions provided in Paragraph 7.13 and 7.14 above, on the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,
**DM RECORDS, INC.**

By: _____
Mark Watson, its
President

**MERRILL PA**
David Lloyd Merrill, Esq.
Trump Plaza Office Center
525 S. Flagler Drive, Fifth Floor
West Palm Beach, Florida 33401
Phone: +1.561.877.1111
**Attorneys for DM Records, Inc.**