**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

In re:
**DM RECORDS, INC.**                                                    **Case No. 15-30368-RBR**

                    **Debtor.**                                               **Chapter 11 Case**
_____/

### MOTION FOR PROTECTIVE ORDER AND RELATED RELIEF

**COMES NOW** the Debtor, DM RECORDS, INC. ("DM"), by and through its undersigned counsel and files this *Motion for Protective Order and Related Relief* ("Motion") and would state as follows:

### BACKGROUND

1.      On November 19, 2015, Debtor filed a voluntary Chapter 11 bankruptcy petition under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2.      On or about February 12, 2016 the Debtor made a settlement offer to the primary creditor, Alvertis Isbell ("Bell"), which was accepted on February 13, 2016, thereby making the settlement agreement binding upon the parties ("Settlement Agreement").

3.      Bell has failed to comply with the terms of the Settlement Agreement, which required the Debtor to file a *Motion to Compel Enforcement of Settlement Agreement* ("Motion to Compel") *See* [DE #].  A hearing on the Motion to Compel is set for June 2, 2016 at 9:30.

4.     In the meantime, Bell, who is acting as though no Settlement Agreement exists, has set two 2004 Examinations of the Debtor, one each for the Debtor's two officers, on May 31, 2016 in an apparent fishing expedition.

5.     Because Bell has settled all claims against the Debtor as a part of the Settlement Agreement, he no longer has any justiciable reason for holding any 2004 Examinations of the Debtor, and would appear to no longer have standing to do so.

6.     The 341 Meeting was held on December 18, 2016, which means that the time frames within which to object to discharge and dischargeability have expired.

7.     A Chapter 11 Trustee has been appointed in this case, whose job it has been to resolve any preferential payments, fraudulent transfers of any other type of claw back issue.  No concerns related to any such matter have arisen.

8.     All tolled, there is simply no viable reason for Bell to be attempting to conduct a 2004 Examination.

9.     Setting 2004 examinations is a commonplace process that in other jurisdictions requires a prior order of the court before it can be taken.  Fed.R.Bankr.P. 2004(a).  In the Southern District of Florida, the broad need to take such examinations is acknowledged by our Local Rules that provide that no prior order of the court is needed in order to set the same.  Local Rule 2004-1(A).  However, where there exists no proper cause or purpose for taking a 2004 Examination, the granting of a protective order as requested here is proper.

10.     Fed.R.Bankr.P. 2004 while broad, is not unlimited, and cannot be used for "purpose of harassment" and must not "stray into matters which are irrelevant to the basic inquiry."  *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E. D. Wis. 1984).  Examinations

may relate "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's case, or to the debtor's right to a discharge." Fed.R.Bankr. 2004(b). However in this instance Bell has, by his settlement of his claim, his inaction and by virtue of the appointment of a Trustee, no interest in any of these elements since there is now nothing he can properly do of his own accord rendering his use of Rule 2004 improper.

11.    Specifically, Bell has lost his ability to object to DM's discharge or the dischargeability of Bell's claim. Moreover, Bell has apparently engaged in significant amounts of discovery which includes, upon information and belief, the taking of depositions in various actions and efforts outside of the bankruptcy context. Which is to say that there is simply nothing more that Bell could ask that he could not have already asked DM before. Finally, as Bell has settled his claim in full, there is simply no basis upon which he should be setting any examination. Accordingly, while 2004 affords broad latitude for the examining of Debtors, there is simply no cause for permitting him to engage in further fishing expeditions – expeditions that are more analogous to draining a lake in search of a fish -- that amount to nothing more than the harassment of a Debtor that has already resolved its issues with Bell in full.

12.    To the extent any basis for proceeding with examinations exists, that lies with the duly appointed trustee herein.

WHEREFORE the Defendant, DM, respectfully requests this Court enter a protective order prohibiting Bell from taking any 2004 Examinations or depositions in this cause and requests such other and further relief as this Court may deem just and proper.

## <u>CERTIFICATIONS</u>

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY in accordance with Local Rule 7016-1(F) that I have attempted to confer with opposing counsel by sending an email making a good faith effort to resolve the issues raised herein by agreement but as of this writing have received no response to the same and have thereby been unable to do so.  All issues herein remain unresolved.

I HEREBY CERTIFY that a true copy of the foregoing document has been furnished by electronic or U.S. Mail to all interested parties on this May 26, 2016.

**MERRILL PA**

By:    */s/ David Lloyd Merrill*
      DAVID LLOYD MERRILL, Esq.
      Florida Bar No. 99155
      Trump Plaza Office Center
      525 S Flagler Drive, Fifth Floor
      West Palm Beach, FL 33401
      (o)+1.561.877-1111
      (f) +1.561.832-7668
      dlmerrill@merrillpa.com
      Attorneys for Debtor