**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN RE:

DM Records, Inc.,                                    Case No.: 15-30368-BKC-RBR
                                                     Chapter 11

      Debtor.

_____/

## TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7

COMES NOW, Les S. Osborne, Chapter 11 Trustee (hereinafter "Trustee"), by and through undersigned counsel, and hereby files this Motion to Convert Case to Chapter 7, and states:

1.     The Debtor filed a voluntary Chapter 11 bankruptcy petition on November 19, 2015.

2.     On February 1, 2016, this Court entered an order granting the creditors' motion to appoint a Chapter 11 Trustee [ECF 59].

3.     On February 3, 2016, the undersigned Trustee was appointed the Chapter 11 Trustee in the above-styled case.

4.     The Debtor in this case is in the business of licensing music.

5.     The principals of the Debtor are David and Mark Watson (the "Principals").

6.     Creditor Alvertis Isbell ("Isbell") obtained a judgment (the "Judgment"), pre-petition, against the Debtor in the amount of $2.25 Million (Isbell asserts an additional unliquidated claim of $1.3 Million for legal fees).

7.     Other than Alvertis Isbell, the total creditor body in this case, for secured and unsecured claims, is approximately $40,000.

8.  Based upon a review of the Monthly Operating Reports ("MORs"), the scheduled accounts receivable are either all collected or no collection activity has been taken, for various reasons, since the petition.  In essence, this business is running exclusively at this point on its cash sales.

9.  In the approximately 9 months since the Chapter 11 case was filed, according to the MORs, the total cash sales amounts to $132,052.49.

10.  In that same timeframe, the administrative expenses exceed $55,000 for the Trustee; $24,000 in management fees paid to the Principals; $17,127 paid in payroll to the Principals; $2,440 paid in payroll taxes and $3,680 paid in rent.  This amounts to a total of $102,255.00 (there are additional administrative expenses that were not included in this amount for phone, electric, etc. and there are additional administrative expenses for counsel for the trustee that are not included; however, they are not significant at this time and are not necessary for this analysis).

11.  Based upon the figures set forth above, the net profit for the nine-month window that this business has been operating under Chapter 11, is $29,796.11, or an average of $3,310.67 per month.

12.  Based upon this statistic alone, the operations of this business are not sufficient to warrant continued operations.

13.  The value to this company is in the liquidation of its assets and the prosecution of litigation.  Neither of these items require the continued operations of this company.

14.  Further, the Trustee has learned of additional issues which cause him concern in this case.  On the original schedules, Statement of Financial Affairs ("SOFA"), Question 10, it appears that the Debtor sold a boat, which the company owned since 2001, to the principal, Mark

Watson, within approximately 90 days of the filing of the bankruptcy petition.  The boat was purportedly sold for value at $30,000; however, Mr. Watson had only purportedly paid $10,000 prior to the filing.

15. The $20,000 balance which Mr. Watson then owed for the purchase of the boat was not scheduled as an account receivable, no payment has been made and to date, this error has not been corrected on the schedules.

16. The Trustee also learned at a recent deposition that since the entry of the Judgment against the Debtor in 2012, the two Principals have begun to open additional companies and to potentially divert business opportunities of DM Records to those companies.

17. One such company is KingfishMusic Group, Inc. ("KMGI").  Pursuant to the SOFA, Question 23, approximately $180,000 was paid in December, 2014 for "management fees".  Additional funds in excess of $50,000 were paid for "management fees" to Watson Music Group (another post-judgment company) in 2015 alone.  This is in addition to royalty payments paid to the Principals individually. It appears that the Watsons were taking salaries on top of these fees.

18. In essence, it appears that the bulk of the funds of this company, including its most valuable hard asset, were attempted to be placed beyond the reach of creditors in this case.

19. In addition, it appears that in September, 2015, Watson Music Group, not the Debtor, attempted to enter into a licensing agreement with Tag Team, the artist behind "Whoomp! There It Is", which is the most valuable asset of this bankruptcy estate.  The licensing agreement was then dated retroactively to September, 2012.

20. This contract is not directly listed on the bankruptcy schedules, nor is the potential transfer of valuable estate rights to this third party.

21.     Lastly, as the Trustee has stated in court several times, creditor Isbell has agreed to subordinate his claims to the claims of all other creditors in this case.  As a result, all other creditors would be paid 100 cents on the dollar and the remaining assets upon liquidation would go to Isbell.  This motion has been filed after consulting with creditor Isbell who fully supports the conversion of this case to Chapter 7.

WHEREFORE, for the reasons outlined herein, Trustee, Les Osborne moves this Court to convert this case to one under Chapter 7 and for such other and further relief as may be appropriate.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular and/or electronic mail where available to all parties enumerated on the below list this 25th day of August, 2016.

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).*

RAPPAPORT OSBORNE & RAPPAPORT, PL
Attorneys for Chapter 11 Trustee
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone:  (561) 368-2200


BY:_____/s/_____
      Les S. Osborne, ESQ.
      FLORIDA BAR NO. 0823139


SERVICE LIST:

Creditor matrix