**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

DM RECORDS, INC.                              Case No. 15-30368-RBR

        Debtor.                              Chapter 11 Case

_____/

### AFFIDAVIT OF MARK WATSON

STATE OF FLORIDA

COUNTY OF PALM BEACH

    I, MARK WATSON, declare under penalty of perjury under the laws of the United States as follows:

    1.    My name is Mark Watson and I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge as to the facts set forth in this Affidavit.

    2.    I am currently, and at all times relevant hereto have been, the President at DM Records, Inc. ("DM").

    3.    DM has been a profitable business for the past 24 years.

    4.    DM is a full service music content company. DM manages music rights, secures new uses and placements for it's intellectual property, administers royalty accounting to over 100 music publishers, distributes digital product world-wide, enforces and protects DM's copyrights and acquires and develops new music assets and talent.

5. Over the past 9 months, Mr. Osborne has never spoken or communicated in any way with DM's longtime Certified Public Accountant ("CPA") who submits the MOR promptly each month.

6. I purchased the DM boat for fair market value over 90 days prior to DM filing for bankruptcy.

7. DM did not own the boat since the year 2001.

8. I used three (3) separate appraisals to form the basis of the value of the DM boat. I owe $20,000.00 to the estate.

9. I was advised by DM's CPA that since the balance due DM for the boat is not a trade debt, then it should not be listed with the Accounts Receivable's on the MOR.

10. Management fees to Watson Music Group, LLC. reflect funds which were compensation in lieu of a salary from DM.

11. No additional companies owned by the principles of DM divert business opportunities from DM.

12. None of the assets of DM were ever placed beyond the reach of the creditors of DM at anytime.

13. The payment to Kingfish Music Group, Inc. was an agreed amount of money with Alvertis Isbell ("Isbell") relating to a settlement agreement with Isbell. The funds were not property of the estate. Please see Exhibit A.

14. Kingfish Music Group, Inc. was funded by my 20 year old 401K retirement services account, as an alternative investment.

15.    The non-exclusive music representation agreement between Tag Team and Watson Music Group, LLC. was never initiated.    The agreement did not transfer any rights from DM.

16.    On August 26, 2016, I sent Mr. Osborne an email detailing the inaccurate, misleading and outright false statements contained in his *Motion to Convert*. I requested that Mr. Osborne withdraw his motion. In his response, he said, "no". He further accused me of telling him that DM is only worth one-third of the listed value, which is not true. The Trustee's Motion was filed prior to DM settlement deadline with DM's largest creditor, Isbell. Please see Exhibit B.

17.    Mr. Osborne has no experience with copyright law, intellectual property rights, music industry customs and operations, sales and licensing of master recordings and music publishing rights and current market valuations with respect to music industry assets.

18.    The law firm of the creditor is the same law firm where Mr. Osborne was an employee for many years.

19.    The Trustee instructed DM to deliver a valuable disc drive to Isbell's attorney, which it did. As of this date, Mr. Osborne is not in possession of this valuable disk drive containing over 25,000 important files of DM Records, Inc. These digital assets contain most of DM's proprietary intellectual property. The principles of DM have asked on numerous occasions that the disk drive be returned to the Trustee for safekeeping. It is my concern that the Trustee has lost valuable property of the Estate. Please see Exhibit C.

20.    On September 7, 2016, I sent an email to Mr. Osborne with an attachment describing in detail certain music publishing assets not owned by DM Records, Inc. It is my concern that the Trustee will sell property that is not owned by the Estate.  Pease see Exhibit D.

21.    I have had an ongoing concern that Alvertis Isbell is no longer the owner of the judgment against DM.  I was sent a letter from DM's sub-publisher in the UK from Bell, where Bell holds himself out as the president of Alvert Music, Inc.   Please see attached Exhibit E-1 and Exhibit E-2.

I HEREBY VERIFY under penalty of perjury, that the foregoing is true and correct.

Executed this 4th day of October, 2016.

_____
Mark Watson

Sworn to and subscribed before me this the 4th day of October, 2016 by Mark Watson who produced Florida driver's license as identification.

_____
Notary Public - State of Florida

**MISTY KARGOLL**
MY COMMISSION # EE850462
EXPIRES November 08, 2016
(407) 398-0153    FloridaNotaryService.com